Amy L. Stein (#026113)
Foran Glennon Palandech Ponzi & Rudloff, PC
One East Washington, Suite 500
Phoenix, AZ 85004
Telephone: (602) 777-6230
Facsimile: (312) 863-5099
E-Mail: astein@fgppr.com
Attorneys for Defendant Health Plan Intermediaries Holdings, LLC

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Sean McMaster and Kim McMaster, Arizona Residents,<br><br>Plaintiff,<br><br>v.<br><br>Companion Life Insurance Company, A Foreign Insurer, Health Plan Intermediaries Holdings, LLC, A Web Based Insurance Agency, John and Jane Does I-X, Black and White Corporations I-X, and ABC Partnerships I-X,<br><br>Defendants. | No. 2:17-cv-02432-JJT<br><br>No. CV2017-006414<br>Maricopa County Superior Court<br><br>**ANSWER OF DEFENDANT HEALTH PLAN INTERMEDIARIES HOLDINGS, LLC TO PLAINTIFFS' COMPLAINT** |

For its Answer to Plaintiffs' Complaint, Defendant Health Plan Intermediaries Holdings, LLC ("Defendant" or "HPIH") admits, denies, and affirmatively alleges as follows:

1. In response to Paragraph 1 of the Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and therefore denies the allegations.

2. In response to Paragraph 2 of the Complaint, the allegations are directed to a party other than Defendant. Accordingly, no response is required. To the extent response is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and therefore denies the allegations.

3. In response to Paragraph 3 of the Complaint, Defendant admits that it is a web-based distributor and administrator of insurance products, that it does business in Arizona as Health Insurance Innovations, and that it is involved in the marketing, advertising and sale of insurance products. To the extent the allegations in Paragraph 3 of the Complaint differ from the foregoing and/or contain statements of opinion or legal conclusions, Defendant denies the allegations.

4. In response to Paragraph 4 of the Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and therefore denies the allegations.

5. In response to Paragraph 5 of the Complaint, the allegations relate to other named Defendants or fictitious Defendants. Accordingly, no response is required. To the extent response is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations.

6. In response to Paragraph 6 of the Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and therefore denies the allegations.

7. In response to Paragraph 7 of the Complaint, Defendant admits that its relationship with Companion Life Insurance Company is governed by an agreement. That agreement speaks for itself and is the best evidence of its content. To the extent the allegations in Paragraph 7 of the Complaint differ from the foregoing and/or contain statements of opinion or legal conclusions, Defendant denies the allegations.

8. In response to Paragraph 8 of the Complaint, the allegations are directed to parties other than Defendant. Accordingly, no response is required. To the extent a response is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and therefore denies the allegations.

9. In response to Paragraph 9 of the Complaint, the allegations are directed to parties other than Defendant. Accordingly, no response is required. To the extent a response is required, the allegations are statements of opinion or conclusions of law to

1  which no response is required. To the extent response is required, Defendant denies the
2  allegations.

3        10.     In response to Paragraph 10 of the Complaint, the allegations are directed to
4  parties other than Defendant. Accordingly, no response is required. To the extent a
5  response is required, Defendant is without knowledge or information sufficient to form a
6  belief as to the truth of the allegations contained therein and therefore denies the allegations.

7        11.     In response to Paragraph 11 of the Complaint, Defendant admits that Plaintiff
8  Kim McMaster and/or Plaintiff Sean McMaster completed Short Term Medical Plan
9  Applications. To the extent further response is required, Defendant is without knowledge
10 or information sufficient to form a belief as to the truth of the allegations and therefore
11 denies the allegations, and, to the extent the allegations in Paragraph 11 of the Complaint
12 differ from the foregoing and/or contain statements of opinion or legal conclusions,
13 Defendant denies the allegations.

14       12.     In response to Paragraph 12 of the Complaint, Defendant admits that Plaintiff
15 Kim McMaster and/or Plaintiff Sean McMaster completed Short Term Medical Plan
16 Applications. To the extent further response is required, Defendant is without knowledge
17 or information sufficient to form a belief as to the truth of the allegations and therefore
18 denies the allegations, and, to the extent the allegations in Paragraph 12 of the Complaint
19 differ from the foregoing and/or contain statements of opinion or legal conclusions,
20 Defendant denies the allegations.

21       13.     In response to Paragraph 13 of the Complaint, relevant advertising speaks for
22 itself and is the best evidence of its content. To the extent the allegations in Paragraph 13
23 of the Complaint differ from the foregoing and/or contain statements of opinion or legal
24 conclusions, Defendant denies the allegations.

25       14.     In response to Paragraph 14 of the Complaint, Defendant denies the
26 allegations.

27       15.     In response to Paragraph 15 of the Complaint, Defendant denies it omitted
28 relevant, material information. Defendant is without knowledge or information sufficient

to form a belief as to what Plaintiffs may have relied on in deciding upon coverage and therefore denies the allegations. To the extent the allegations in Paragraph 15 of the Complaint differ from the foregoing and/or contain statements of opinion or legal conclusions, Defendant denies the allegations.

16. In response to Paragraph 16 of the Complaint, relevant advertising speaks for itself and is the best evidence of its content. To the extent the allegations in Paragraph 16 of the Complaint differ from the foregoing and/or contain statements of opinion or legal conclusions, Defendant denies the allegations.

17. In response to Paragraph 17 of the Complaint, relevant advertising speaks for itself and is the best evidence of its content. To the extent the allegations in Paragraph 17 of the Complaint differ from the foregoing and/or contain statements of opinion or legal conclusions, Defendant denies the allegations.

18. In response to Paragraph 18 of the Complaint, Defendant denies the allegations.

19. In response to Paragraph 19 of the Complaint, Defendant denies the allegations.

20. In response to Paragraph 20 of the Complaint, Defendant denies it misrepresented information or omitted relevant, material information. The remaining allegations in Paragraph 20 are directed to a party other than Defendant. Accordingly, no response is required. To the extent response is required, the allegations are statements of opinion and/or conclusions of law to which no response is required. To the extent response is required, Defendant denies the allegations.

21. In response to Paragraph 21 of the Complaint, the allegations are directed to parties other than Defendant. Accordingly, no response is required. To the extent a response is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and therefore denies the allegations.

22. In response to Paragraph 22 of the Complaint, the allegations are directed to parties other than Defendant. Accordingly, no response is required. To the extent a

1 response is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and therefore denies the allegations.

23. In response to Paragraph 23 of the Complaint, Defendant admits that it is a web-based distributor and administrator of insurance products, that its relationship with Companion Life Insurance Company is governed by an agreement, and that the agreement speaks for itself and is the best evidence of its content. To the extent the allegations in Paragraph 23 of the Complaint differ from the foregoing and/or contain statements of opinion or legal conclusions, Defendant denies the allegations.

24. In response to Paragraph 24 of the Complaint, the allegations are directed to parties other than Defendant. Accordingly, no response is required. To the extent a response is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and therefore denies the allegations.

25. In response to Paragraph 25 of the Complaint, the allegations appear to be directed to parties other than Defendant. Accordingly, no response is required. To the extent a response is required, Defendant denies the allegations and states that the relevant policy, including its conditions, terms, limitations, and exclusions, speaks for itself and is the best evidence of its content. To the extent the allegations in Paragraph 25 of the Complaint differ from the foregoing and/or contain statements of opinion or legal conclusions, Defendant denies the allegations.

26. In response to Paragraph 26 of the Complaint, relevant marketing material speaks for itself and is the best evidence of its content, and the relevant policy/ies, including its/their conditions, terms, limitations, and exclusions, speak for itself/themselves and is/are the best evidence of its/their content. To the extent the allegations in Paragraph 26 of the Complaint differ from the foregoing and/or contain statements of opinion or legal conclusions, Defendant denies the allegations.

27. In response to Paragraph 27 of the Complaint, Defendant denies the allegations.

28. In response to Paragraph 28 of the Complaint, the relevant Certificate of Insurance speaks for itself and is the best evidence of its content and effective date. To the extent the allegations in Paragraph 28 of the Complaint differ from the foregoing and/or contain statements of opinion or legal conclusions, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations.

29. In response to Paragraph 29 of the Complaint, Defendant admits that Plaintiffs completed a Short Term Medical Plan Application on or about December 7, 2016. To the extent the allegations in Paragraph 29 of the Complaint differ from the foregoing and/or contain statements of opinion or legal conclusions, Defendant denies the allegations.

30. In response to Paragraph 30 of the Complaint, Defendant denies the allegations.

31. In response to Paragraph 31 of the Complaint, Defendant denies the allegations.

32. In response to Paragraph 32 of the Complaint, Defendant denies the allegations.

33. In response to Paragraph 33 of the Complaint, Defendant denies the allegations.

34. In response to Paragraph 34 of the Complaint, relevant marketing material speaks for itself and is the best evidence of its content.   To the extent the allegations in Paragraph 34 of the Complaint differ from the foregoing and/or contain statements of opinion or legal conclusions, Defendant denies the allegations.

35. In response to Paragraph 35 of the Complaint, Defendant denies the allegations.

36. In response to Paragraph 36 of the Complaint, Defendant denies the allegations.

37. In response to Paragraph 37 of the Complaint, Defendant denies the allegations.

38. In response to Paragraph 38 of the Complaint, Defendant denies the allegations.

39. In response to Paragraph 39 of the Complaint, Defendant denies the allegations.

40. In response to Paragraph 40 of the Complaint, Defendant denies the allegations.

41. In response to Paragraph 41 of the Complaint, Defendant denies the allegations.

42. In response to Paragraph 42 of the Complaint, Defendant denies the allegations.

43. In response to Paragraph 43 of the Complaint, Defendant denies the allegations.

44. In response to Paragraph 44 of the Complaint, Defendant denies the allegations.

45. In response to Paragraph 45 of the Complaint, Defendant admits the allegations.

46. In response to Paragraph 46 of the Complaint, Defendant admits the allegations.

47. In response to Paragraph 47 of the Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and therefore denies the allegations.

48. In response to Paragraph 48 of the Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and therefore denies the allegations.

49. In response to Paragraph 49 of the Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and therefore denies the allegations.

50. In response to Paragraph 50 of the Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and therefore denies the allegations.

51. In response to Paragraph 51 of the Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and therefore denies the allegations.

52. In response to Paragraph 52 of the Complaint, Defendant denies the allegations.

53. In response to Paragraph 53 of the Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and therefore denies the allegations.

54. In response to Paragraph 54 of the Complaint, Defendant denies the allegations.

55. In response to Paragraph 55 of the Complaint, Defendant denies the allegations.

56. In response to Paragraph 56 of the Complaint, Defendant denies the allegations.

57. In response to Paragraph 57 of the Complaint, Defendant denies the allegations.

58. In response to Paragraph 58 of the Complaint, Defendant denies the allegations.

**COUNT ONE:  CONSUMER FRAUD A.R.S. §44-1521 et seq.**

**(All Defendants)**

59. In response to Paragraph 59 of the Complaint, Defendant re-alleges the admissions, denials, and affirmative allegations contained in Paragraphs 1 – 58, above, as if fully set forth herein.

60. In response to Paragraph 60 of the Complaint, the allegation is a statement of opinion and/or conclusion of law to which no response is required. To the extent response is required, Defendant denies the allegations.

61. In response to Paragraph 61 of the Complaint, the allegation is a statement of opinion and/or conclusion of law to which no response is required. To the extent response is required, Defendant denies the allegations.

62. In response to Paragraph 62 of the Complaint, Defendant denies the allegations.

63. In response to Paragraph 63 of the Complaint, Defendant denies the allegations.

64. In response to Paragraph 64 of the Complaint, Defendant denies the allegations.

65. In response to Paragraph 65 of the Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations.

66. In response to Paragraph 66 of the Complaint, Defendant admits only that the relevant policy, which provides coverage subject to stated terms, conditions, limitations and exclusions, speaks for itself. To the extent the allegations in Paragraph 66 of the Complaint differ from the foregoing and/or contain statements of opinion or legal conclusions, Defendant denies the allegations.

67. In response to Paragraph 67 of the Complaint, Defendant is without knowledge of information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations.

68. In response to Paragraph 68 of the Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations.

69. In response to Paragraph 69 of the Complaint, and to the extent the allegations pertain to it, Defendant denies the allegations. To the extent the allegations are directed to

parties other than Defendant, no response is required. To the extent response is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations.

70. In response to Paragraph 70 of the Complaint, and to the extent the allegations pertain to it, Defendant denies the allegations. To the extent the allegations are directed to parties other than Defendant, no response is required. To the extent response is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations.

71. In response to Paragraph 71 of the Complaint, and to the extent the allegations pertain to it, Defendant denies the allegations. To the extent the allegations are directed to parties other than Defendant, no response is required. To the extent response is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations.

72. In response to Paragraph 72 of the Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations.

73. In response to Paragraph 73 of the Complaint, Defendant denies the allegations.

74. In response to Paragraph 74 of the Complaint, Defendant denies the allegations.

75. In response to Paragraph 75 of the Complaint, Defendant denies the allegations.

**COUNT TWO:  MISREPRESENTATION**

76. In response to Paragraph 76 of the Complaint, Defendant re-alleges the admissions, denials, and affirmative allegations contained in Paragraphs 1 – 75, above, as if fully set forth herein.

77. In response to Paragraph 77 of the Complaint, Defendant denies the allegations.

78. In response to Paragraph 78 of the Complaint, Defendant denies the allegations.

79. In response to Paragraph 79 of the Complaint, Defendant denies the allegations.

80. In response to Paragraph 80 of the Complaint, Defendant denies the allegations.

81. In response to Paragraph 81 of the Complaint, Defendant denies the allegations.

## COUNT THREE: DECLARATORY ACTION

82. In response to Paragraph 82 of the Complaint, Defendant re-alleges the admissions, denials, and affirmative allegations contained in Paragraphs 1 – 81, above, as if fully set forth herein.

83. In response to Paragraph 83 of the Complaint, Defendant denies the allegations.

84. In response to Paragraph 84 of the Complaint, Defendant denies the allegations.

85. In response to Paragraph 85 of the Complaint, the allegation is a statement of fact or legal conclusion to which no response is response. To the extent response is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies them.

## GENERAL DENIALS

Defendant denies the truth of each and every allegation of the Complaint unless it is specifically admitted herein, denies every allegation allegedly admitted by implication or "negative pregnant," and denies every allegation contained in the headers of the Complaint.

## AFFIRMATIVE DEFENSES

As separate, alternative and affirmative defenses to the Complaint, Defendant alleges:

1. The Complaint, and each and every claim stated therein, fails to state a claim upon which relief can be granted.

2. Upon information and belief, Plaintiffs failed to exercise reasonable and ordinary care, caution, or prudence to avoid the damages complained of in the Complaint. Thus, upon information and belief, Plaintiffs were comparatively at fault for the alleged damages, if any, sustained and, thus, the amount of damages (if any) awarded against Defendant must be reduced proportionately by the amount of fault apportioned to Plaintiffs.

3. Upon information and belief, a person or persons or entity or entities not party to this action was or were wholly or partially at fault for causing the damages for which Plaintiffs seek recovery thereby reducing or eliminating any amounts owed by Defendant.

4. Upon information and belief, Plaintiffs' injuries and damages, if any, were proximately caused solely by the negligence or wrongful conduct of third parties unrelated to this Defendant and that such acts constitute an intervening and/or superseding cause of Plaintiffs' alleged injuries and damages.

5. Upon information and belief, Plaintiffs failed to exercise reasonable care and diligence to mitigate, minimize, or avoid their alleged damages and, thus, any recovery which may be awarded to Plaintiffs in this action should be reduced accordingly.

6. Upon information and belief, Plaintiffs have unclean hands in relation to the matters alleged in the Complaint and, by virtue of their acts, conduct, representations, and omissions, Plaintiffs have waived their rights to the relief sought in the Complaint and/or are estopped from asserting their claims.

7. The acts alleged to have been committed by Defendant were not the cause in fact, proximate cause, or any legal cause of any damages complained of in the Complaint.

8. The damages awarded against Defendant are subject to an offset of any and all amounts recovered by Plaintiffs through any claim and/or lawsuit for the same loss and damages against third-parties.

9. Claimed damages are speculative, not supported by proof, and are not compensable as a matter of law.

10. Defendant acted diligently and with due care in the performance of any duty owed to Plaintiffs.

11. Defendant did not breach its duties, if any, owed to Plaintiffs.

12. Defendant is not responsible for the payment of any damages suffered by Plaintiffs for which Plaintiffs have already received payment, including, but not limited to, payment from a third-party who is legally responsible.

13. Defendant has committed no acts of oppression, fraud, or malice, whether express or implied.

14. In seeking the imposition of exemplary damages, Defendant's basic protection against punishment without notice afforded by the due process clause of the 14th Amendment of the United States and Arizona Constitutions is violated. Defendant is entitled to receive notice not only of the conduct that will subject it to punishment but also the severity of the penalty that may be imposed.

15. An award of exemplary damages in this action would violate Defendant's rights under the due process clause of the 14th Amendment of the United States and Arizona Constitutions, and a state is prohibited from imposing grossly excessive punishment on tortfeasors. The degree of reprehensibility of Defendant's conduct, if any, must be considered when determining if punishment is excessive. An imposition of damages must not be grossly out of proportion to the severity of the offense, if any offense is established.

16. The ratio between the compensatory damages and the amount of exemplary damages may be a factor in assessing the effectiveness of an award. In addition, the difference between the exemplary damages awarded and the civil penalty authorized for imposing comparable cases may be considered.

17. The imposition of punitive damages on the facts alleged in the Complaint is barred by applicable law.

**RESERVATION OF RIGHTS**

18. All possible affirmative and additional defenses may not have been alleged herein. Additional facts may be revealed by future discovery and investigation which

- 13 -

support affirmative defenses presently available to, but unknown by, Defendant. Defendant hereby incorporates by reference the affirmative defenses set forth in Rules 8 and 12, Arizona Rules of Civil Procedure, and reserves its right to amend or supplement this Answer with additional affirmative defenses following further investigation and discovery.

WHEREFORE, having fully answered Plaintiffs' Complaint, Defendant prays for judgment as follows:

1. That Plaintiffs take nothing against Defendant by their Complaint;
2. That the Court enters judgment in favor of Defendant and against Plaintiffs on any and all claims for relief alleged against Defendant in the Complaint;
3. That Defendant be awarded its attorneys' fees pursuant to A.R.S. §§ 12-341, 12-341.01 and/or 12-349;
4. For such other and further relief as the Court deems just and proper.

DATED this 25th day of July, 2017.

FORAN GLENNON PALANDECH
PONZI & RUDLOFF PC


By: s/ *Amy L. Stein*
Amy L. Stein
1 East Washington Street, Suite 500
Phoenix, Arizona 85004
Attorneys for Defendant Health Plan
Intermediaries Holdings, LLC

**CERTIFICATE OF SERVICE**

I hereby certify that on July 25, 2017, I electronically transmitted the foregoing document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

Charles J. Surrano, III
John N. Wilborn
SURRANO LAW OFFICES
7114 E Stetson Drive, Suite 300
Phoenix, AZ  85251
Attorneys for Plaintiffs

Phillip A. Overcash, Esq.<br>
PROVIDENT LAW<br>
14646 N. Kierland Blvd, Suite 260<br>
Scottsdale, AZ  85254<br>
Attorneys for Companion Life Insurance Company

/s/    *Brenda Uran*

FORAN GLENNON PALANDECH PONZI & RUDLOFF PC
1 East Washington Street, Suite 500
Phoenix, Arizona  85004
(602) 777-6230